UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JOHN LITTLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. C08-684-MJP-JPD |
| v. | ) | |
| | ) | |
| MATTHEW SPANO, *et al.*, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendants. | ) | |

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff John Little initiated the instant civil rights action in May 2008 while he was incarcerated in the Snohomish County Jail. He alleges in his amended complaint that his rights to equal protection and due process, and his right to be free from cruel and unusual punishment, were violated when defendants denied him a second bin box to store his personal property. He also appears to allege that he was subjected to inhumane conditions of confinement when body hairs and dried skin were allowed to drift under his cell door from nearby shower stalls and when he was forced to wear the same underwear for months. Plaintiff identifies Sergeant Spano, Captain Young, and Steve Thompson as defendants in this action.

Defendants have now filed a motion seeking dismissal of this action or, in the alternative, summary judgment. (*See* Dkt. No. 20.) Defendants assert in their motion that plaintiff has not

REPORT AND RECOMMENDATION
PAGE - 1

properly exhausted his administrative remedies with respect to any of the claims asserted in his amended complaint. (Dkt. No. 20.) Plaintiff has filed no response to defendants' motion.

Section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e(a) requires *complete* exhaustion through any available process. *See Porter v. Nussle* 534 U.S. 516, 524 (2002) ("All 'available' remedies must now be exhausted."); *Booth v. Churner*, 532 U.S. 731, 735 (2001). Section 1997e(a) also requires *proper* exhaustion. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper" exhaustion means full compliance by a prisoner with all procedural requirements of an institution's grievance process. *See id.* at 93-95.

If administrative remedies have not been exhausted at the time an action is brought, it must be dismissed without prejudice. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002)(per curiam). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003)(citations and footnote omitted).

The Snohomish County Jail has a three tier grievance procedure through which inmates may seek review of various aspects of their imprisonment. (*See* Dkt. No. 21 at 1 and Dkt. No. 23 at 12-15.) The procedure involves first filing a grievance with the shift commander and/or supervisor. (*See id.*) If the inmate is not satisfied with the response received from the shift commander/supervisor, the inmate may file a second grievance for review by a manager. (*See id.*) If an inmate is not satisfied with the response received from the manager, the inmate may file a final grievance for

REPORT AND RECOMMENDATION
PAGE - 2

1 | review by the director of the facility.  (*Id*.)

Defendants acknowledge in their motion papers that plaintiff filed three grievances related to the issue of the bin box.  They argue, however, that plaintiff failed to properly exhaust his claim because he never reached the third level of appeal.  The documentation submitted by defendants in support of their motion to dismiss demonstrates that plaintiff filed an initial grievance on April 4, 2008, in which he complained that his request for a second bin box had been denied by defendant Spano on April 2, 2008.  (Dkt. No. 23 at 13.)  On April 12, 2008, plaintiff filed a second grievance with the shift commander in which he again complained that his request for a second bin box had been denied by defendant Spano on April 2, 2008.  (*Id*. at 15.)  Plaintiff also complained in his second grievance that he had yet to receive a response to his April 4 grievance.  (*Id*.)  On April 29, 2008, plaintiff received responses to his first two grievances.  (*Id*. at 13 and 15.)  On the same date, plaintiff filed a third grievance with the manager.  (*Id*. at 12.)

The record suggests that plaintiff did not await a response from the manager before filing the instant action which was opened on May 1, 2008, upon receipt of plaintiff's original civil rights complaint.  Defendants argue that relief remained available to plaintiff at both the second and third levels of the grievance process at the time he filed his complaint.  Plaintiff offers no argument to the contrary.  Accordingly, this Court concludes that plaintiff failed to fully exhaust the grievance process with respect to his claim that he was improperly denied a second bin box.

With respect to plaintiff's claims regarding the unsanitary conditions of his confinement, defendants state that plaintiff has not filed any grievances regarding the infiltration of body hair and dried skin into his jail cell or any grievances regarding the denial of access to clean underwear.  (Dkt. No. 21 at 2.)  Again, plaintiff offers no evidence to the contrary.  This Court therefore concludes that plaintiff failed to exhaust the grievance process with respect to these claims as well.

As it appears that plaintiff has not properly exhausted his administrative remedies with

REPORT AND RECOMMENDATION
PAGE - 3

respect to any of the claims asserted in his amended civil rights complaint, this Court recommends that defendants' motion to dismiss be granted and that plaintiff's amended complaint be dismissed without prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 29th day of April, 2009.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge